**Philip A. Seplow, Esq.**
**Attorney AZ #004859**
**PMB #462**
**3241 E. Shea Blvd.**
**Phoenix, AZ 85028-3365**
**Tel: (602) 570-7817**
**PhilipSeplowLaw@gmail.com**
**barkerpas@gmail.com**
**Attorney for Defendant Anna Karen Flores**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **United States of America,** | ) | CR-24-01221-SPL |
| **Plaintiff**, | ) | |
| | ) | SENTENCING   MEMORANDUM |
| **vs.** | ) | |
| | ) | |
| **Anna Karen Flores** | ) | |
| **Defendant** | ) | |

_____

     COMES NOW THE Defendant, Anna Karen Flores, by and through her undersigned attorney, and submits her Sentencing Memorandum to this Honorable Court for its consideration. The Request made of this Honorable Court is that Ms. Anna

Kaen Flores receive a sentence of probation as opposed to the Presentence Investigation Report (*PSR*) recommended sentence of 12 months and a day.

It should be noted by the Defense that the *USSG* calculation as made by *U.S. Probation Officer,* Annika A. Harris, appears to be in compliance with said guidelines calculus, and thus there is no technical objection to the *PSR*. However, while the recommendation of 12 months and a day is very much appreciated, as will be seen, *infra*, the ends of justice would be better served and honored with a sentence of straight probation. Initially, this heartfelt suggestion is proffered to this Honorable Court because these guidelines are far from mandatory. If this Court feels a recommendation of prison is too harsh, and is beyond what is necessary to achieve a fair sentence, then when considering the environmental and biological makeup of this young woman, as well as her manner of living

within the confines of her conditions of pretrial release while awaiting sentencing, then since the Plea Agreement allows for a sentence of probation for up to five years, a period of probation (perhaps for theee years) is appropriate.    As the *PSR* noted (Document 34, page 16), "[F]lores has no criminal history.    She has otherwise led a law-abiding life-style, has a stable residence and stable employment, and has family support and encouragement.    She has been compliant while on pretrial release since August 28, 2024, and has not been in need of community-based services."

Anna has been under the supervision of Pretrial Services for one year (less a handful of days).    Anna has proven that she knows she made a terrible mistake and has taken the appropriate, and more importantly, the steps that his Court, via her conditions of release and society in general, have wanted her to take. She has proven that she can continue to live a

crime-free life, just like she did before she was tempted by her "friend," R. (LNU), with the lure of some easy money and as she has been living for the past year.

To understand more fully what Ms. Flores's involvement was, here are some examples of her actions and "nonaction": Anna never held $23,00000 dollars in her hand as described in paragraph 14 (page 5) of the *PSR.* She never gave the clerk any money in January nor did she see any money change hands. She would go into the firearm establishment and sign her name.  When the weapon, which was packaged in a large box was passed from one side of the counter to the other, it was too heavy for Anna to carry so somebody else carried it out of the *FFL.*

Here is another example of her naiveite.  When she was first given the *ATF* form *4473* to fill out, she checked the box which said that she was purchasing the firearm for someone

else.    The clerk saw this and redid the *4473* form, and had

her sign it stating that she was purchasing the firearm for

herself.    Make no mistake, Anna received payment for this

illegal service, but as Dr. Joel Parker, MD, noted on page 6

of his June 21, 2025, report: "Ms. Flores appears to be an

unsophisticated person who likely had little understanding of the

situation in which she found herself when she agreed to sign

some forms in exchange for money.    Her longstanding learning

disability likely interfered with her ability to fully appreciate the

transaction she was involved in at the time of the relevant

offense."

Examining the payment that Anna received, it was more

than some young people receive, but a lot less than others.

Undersigned counsel understands the endless supply of money

that the cartels south of the U.S. border wield, and how those

cartels can continue to entice law-abiding young men and

women to purchase these weapons, but that economic fact should not be held against young persons like Anna. Deterrence is an important factor to consider when sentencing the offender, but certainly not more important than, in

the case before the Bench, where Anna is not a threat to break the law in the future (in other words, not a recidivist). Also, it is doubtful that Anna would tell others about her arrest and conviction and "brag" that she only received probation. The fact is that even receiving probation still turns the lives of people upside down, even when there is no prison sentence attached.

Examining the person, Anna Flores, further, is an important consideration in the 18 *USC* Sec 3553 calculus. So it is extremely helpful to give heed to the words expressed in the many good character letters that have been submitted on Anna's behalf.

For instance, Jesus M. Flores is a utility construction worker for *EPCOR Water USA,* and has known Anna for 29 years. He writes, "I am most positive that Anna would not be in trouble now if she were not so nice to help someone out . . ."

Dulce Flores writes: "She's a hard worker helping me provide for our parents as they are both retired. She also helps me by taking my child, Evolent Flores, to school."   This statement is significant because the money that Anna received, she used to help supplement her parents' retirement, it was not so that she could buy luxuries for herself.

Erika Roman, who has known Anna for twenty years writes: "I recall a time when the family was going through a difficult [financial] period and Anna generously gave her entire savings to ensure her family had what they needed, even though it left her with little - no money for herself."

Maritza A. Flores (married to Anna's brother) who is an Admin/HR Generalist, and has known Anna since she was a baby, writes: "I have found Anna to be dependable, reliable hardworking and honest. That Anna has consistently demonstrated commitment to her family."

Anna is not a complicated person. Her beauty is that she is simple in many ways. Edgar Vasquez writes: "Although she is always busy with her own life, she goes out of her way to help others. She would always offer to babysit me and my siblings and help my mom whenever she needed a break from us. . . . we learned a lot of things from . . . picked up on how to cook, clean and even look after my younger siblings as well." But Edgar tells a much more important story, one of courage, to wit: "I remember when we had a pool party, and I went too far into the deep end and was drowning, without hesitation Anna rushed in and saved me. I

remember that day and the feeling of being scared, but I also remember seeing Anna as a hero as she saved me."

The letters are replete with messages of Anna's ultimate goodness and her caring for others. Perhaps Cassandra Mendoza puts it best when she writes: "She never had a mean bone in her body. She loves with all her heart. . . . She would give a homeless person the last dollar. . . . In doing all this Anna never asks for anything in return."

There are people who deserve to be punished by going to prison. Anna is not a person who deserves to go to prison.

Though Anna is not a verbal person, she has expressed sadness for the shame which she has brought upon her family. Some people keep things wrapped up tightly inside themselves and that is part of Anna's makeup. But over the past year, undersigned counsel has met with Anna nearly ten times, and

her sadness and self-abasement can be felt even within an absence of words.

**WHEREFORE,** Ms. Flores would like this Honorable Court to issue a sentence of probation, for which the plea agreement allows, if this Honorable Court feels that would serve the ends of justice.   As far as the threat of Anna reoffending, Dr. Parker sums up that issue quite elegantly at the bottom of page 6 (*Ibid*): "Ms. Flores should be at low risk for reoffending.   She has stayed out of trouble throughout her lifetime and lives in a stable environment with stable employment."

RESPECTFULLY submitted this 28th day of July, 2025.


s/ Philip A. Seplow
Attorney for Defendant
Anna Karen Flores

1
2
3
4

## CERTIFICATE OF SERVICE

5
6    I hereby certify that on July 28, 2025, I electronically
7
8    transmitted the attached document to the Clerk's Office
9
10   using the CM/ECF System for filing and transmittal of
11
12   a Notice of Electronic Filing to the following registrants:
13
        Assistant United States Attorney
        Sheila Phillips
14
15
16       The Defendant will be provided with a copy of
17   the above.
18
19           s/Philip Seplow
20
21
22
23
24
25
26
27
28